IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:10-CV-15-H

| | |
|---|---|
| ROSALIA SERRANO DIAZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| QUALITY CRAB CO., INC. and WILLIAM ) | |
| E. BARCLIFT, ) | |
| ) | |
| Defendants. ) | |

This case is before the court on plaintiffs' motion (D.E. 18) for an order conditionally certifying their claim under the Fair Labor Standards Act of 1938 ("FLSA") as a collective or representative action pursuant to 29 U.S.C. § 216(b) ("§ 216(b)"), approving a notice of the collective action and an opt-in form and authorizing their distribution to the potential opt-in plaintiffs, and requiring disclosure by defendants of contact information for potential opt-in plaintiffs. The motion is supported by a memorandum (D.E. 19), a proposed notice (D.E. 18-1) and consent-to-sue form (D.E. 18-2), and other exhibits (D.E. 19-1 through 19-10), and is ripe for adjudication. Defendants have filed a notice of consent (D.E. 20)[1] to the motion. For the reasons set forth below, it will be recommended that the motion be allowed.

**FACTUAL BACKGROUND**

In this action, the named plaintiffs, Rosalia Serrano Diaz ("Serrano Diaz"), Perla Z. Valenzuela ("Valenzuela"), and Jaime Bernal Delgado ("Delgado") (collectively "plaintiffs" or

---

[1] In their notice, defendants state that they do not object to conditional class certification of plaintiffs' FLSA claim, provided they are not required at this time to pay for the costs of any advertising or notices. They also state that they would confer with plaintiffs concerning a proposed consent order, but none has been submitted.

"named plaintiffs") were all employed by defendants Quality Crab Co., Inc. and William Barclift (collectively "defendants") at defendants' seafood processing plant pursuant to applications defendants submitted to the U.S. Department of Labor requesting between 43 and 93 H-2B[2] guest workers from Mexico. (*Id.* ¶8). Plaintiffs were all purportedly recruited in Mexico and required to obtain H-2B visas prior to their employment. (*Id.* ¶ 27). They allege that they were not paid the minimum wage for all hours worked when defendants reduced their wages by requiring them to pay visa, transportation, and border crossing costs they purportedly incurred on defendants' behalf. (*Id.* ¶ 76). They further allege that Serrano Diaz, Valenzuela, and others did not receive the minimum wage because of unlawful deductions from their pay and charges for rent that exceeded reasonable costs. (*Id.* ¶ 78).

The complaint asserts three claims. The first is by all plaintiffs for failure to pay the minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206(a) (Compl. ¶¶ 92-97); the second is by all plaintiffs for violations of the North Carolina Wage and Hour Act, 95-25.1, et seq. ("NCWHA") (*id.* ¶¶ 98-102); and the third is by Delgado, also for violations of the NCWHA (*id.* ¶¶ 103-06). Plaintiffs seek compensatory damages, liquidated damages, attorney's fees, and other relief. (*id.* 23-24 (prayer for relief)). Defendants answered, denying any wrongdoing. (D.E. 11).

Plaintiffs' motion relates solely to certification of the FLSA claim, although plaintiffs plead the second claim as a class action claim under Fed. R. Civ. P. 23. In support of the motion, plaintiffs have submitted a declaration by each named plaintiff. The declarations substantiate that defendants

---

[2] H-2B is a federal program for temporary employment by foreign nationals under the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

used the pay practices alleged in the complaint and that these practices affected the named plaintiffs as well as other workers employed by defendants. (*See* Serrano Diaz Dec. (D.E. 19-1) ¶¶ 3, 8-9, 11-12; Valenzuela Dec. (D.E. 19-2) ¶¶ 3, 8-9, 11-12; Delgado Dec. (D.E. 19-3) ¶¶ 4, 9-10, 15-16, 18-19).

## DISCUSSION

### I. CERTIFICATION AS A COLLECTIVE ACTION UNDER § 216(b)

The FLSA provides that an action for unpaid minimum wages and overtime pay may be maintained against an employer by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The statute goes on to state that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* There are accordingly two requirements for maintenance of a collective action under the FLSA: (1) the plaintiffs in the proposed class must be "similarly situated" and (2) they must opt in by filing their consent to sue with the court. *Id.*; *Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. 21 Dec. 2007); *De Luna-Guerrero v. N.C. Growers Ass'n,* 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004). To be similarly situated to plaintiffs for purposes of § 216(b), persons "'must raise a similar legal issue as to . . . nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical.'" *De Luna-Guerrero*, 338 F. Supp. 2d at 654 (quoting *The Fair Labor Standards Act* § 18.IV.D.3 (Ellen C. Kearns ed.)).

Ordinarily, certification of a collective action is a two-step process. *Baker Roofing,* 2007 WL 4568972, at *6; *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

At the notice stage, early in a case, the court conditionally certifies the class based on the limited record before it and approves notice to putative class members of their right to opt in. *Hipp*, 252 F.3d at 1218. The final determination on certification is made later, typically after discovery, when the court has available to it substantially more information. *Id.*

The standard for conditional certification is a lenient one whereby "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). "Plaintiffs bear the burden of demonstrating a reasonable basis for their claim of class-wide discrimination . . . [and] plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citations omitted); *see also Young*, 229 F.R.D. at 55 ("[C]ase law imposes only a very limited burden on plaintiffs for purposes of proceeding as a collective action."). Conditional certification, as well as issuance of a notice, does not require the court to adjudicate plaintiffs' claims on the merits. *Gieseke v. First Horizon Home Loan Corp.*, No. Civ. A.04-2511, 2006 WL 75290, at *4 (D. Kan. 10 Jan. 2006).[3]

Here, plaintiffs seek conditional certification for a class consisting of the three plaintiffs and others similarly situated who were and/or are employed by defendants as H-2B guest workers from

---

[3] *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ("The court need only reach a *preliminary* determination that potential plaintiffs are 'similarly situated.' Certainly the Plaintiff must still prove at trial that the positions at issue actually qualify as non-exempt under the FLSA. But that is not the inquiry to be answered in deciding this motion." (emphasis in original) (internal citations omitted)); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist.").

4

Mexico at any time in the three-year period preceding the date on which this action was filed and continuing until final judgment is entered in this action. (*See* Compl. ¶ 74). They also seek certification for a subclass consisting of Serrano Diaz and Valenzuela and others similarly situated from whose pay defendants made purportedly unlawful deductions and/or whom defendants charged rent for housing that purportedly exceeded the reasonable cost of that rent. (*See id.* ¶ 78).

Plaintiffs' request for conditional certification is supported, in part, by their complaint. In it, they set out their basic allegations that defendants failed to pay them minimum wage for their work at defendants' seafood processing plant. As indicated, they have supplemented these allegations with declarations of the three named plaintiffs. The declarations detail the method by which the named plaintiffs and others were paid, thereby substantiating that they were subject to the same payment practices which purportedly violated the FLSA. (*See* Serrano Diaz Dec. ¶¶ 3, 8-9, 11-12; Valenzuela Dec. ¶¶ 3, 8-9, 11-12; Delgado Dec. ¶¶ 4, 9-10, 15-16, 18-19).

The court finds that the requirements for conditional certification have been met with respect to the putative class and subclass. Plaintiffs' complaint and supporting declarations establish that the proposed class members all worked at defendants' seafood processing plant, advance similar claims, and seek substantially the same form of relief. The same is true for the members of the proposed subclass. It is undisputed that each putative class and subclass member was subject to the same respective policy regarding salary that purportedly violates the FLSA. *See DeLuna-Guerrero*, 338 F. Supp. 2d at 655. At this stage, such a showing is sufficient to establish that plaintiffs are similarly situated for purposes of a collective action. *Grayson*, 79 F. 3d at 1097. It will therefore be recommended that conditional certification be allowed as to the proposed class and subclass. In

5

reaching this conclusion, the court was not required to and did not evaluate the merits of plaintiffs' claims, and expresses no opinion on the merits. *E.g.*, *Gjurovich*, 282 F. 2d at 104.

Notwithstanding this determination, refinement of the definitions of the putative class and subclass may be warranted. Specifically, the court is concerned about the practicability of leaving entry into the class open until the final judgment is entered. In addition, the court questions the suitability of including wrongdoing by defendants as elements of the definition of the subclass. As detailed below, it will be recommended that the parties be provided an opportunity to address these concerns in further submissions on the notice and form.

**II.     NOTICE TO PUTATIVE CLASS MEMBERS AND DISCLOSURE BY DEFENDANTS OF CONTACT INFORMATION**

As indicated, plaintiffs also request that the court approve their proposed notice of the case and consent-to-sue form, authorize distribution of the notice and form to prospective class and subclass members, and order production by defendants of contact information for prospective class members. They seek distribution of the notice and form by United States mail, radio announcements in Mexico, and non-profit and governmental organizations in Mexico at plaintiffs' expense. Plaintiffs also ask that defendants be required to post the notice at the class members' workplace and housing provided by defendants.

Although a court is not required to authorize plaintiffs to communicate with putative class members via an approved notice, where the court determines that the proposed class members are similarly situated, as here, the issuance of a notice to all potential class members is appropriate. *See Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306-07 (S.D.N.Y. 1998). The requested disclosure of contact information for potential class members would obviously facilitate provision

6

of notice. It will therefore be recommended that the portion of plaintiffs' motion relating to notice and contact information be allowed.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing as follows:

1. Plaintiffs' motion for conditional certification of its FLSA claim as a collective action and for related relief (D.E. 18) is ALLOWED.

2. Counsel for plaintiffs and counsel for defendants shall confer regarding plaintiffs' proposed notice and consent-to-sue form. Their discussions shall include but not be limited to the practicality of leaving entry into the class open until the final judgment is entered and the suitability of including wrongdoing by defendants as an element of the definition of the subclass.

3. Within 14 days after entry of this order, the parties shall jointly file a notice indicating the terms of the notice and consent-to-sue form agreed upon or, if agreement is not reached, the terms proposed by each side and the objections by each side to differing terms proposed by the other side. The parties' submission shall address the foregoing concerns regarding the definitions proposed for the class and subclass.

4. The court will review the parties' submission and issue a further ruling on the terms of the notice and the form. In its further order, the court will also provide directives regarding distribution of the notice and form and disclosure by defendants of contact information for putative class and subclass members.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 19 August 2011 to file written objections.

Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections are due no later than seven days from service of the objections or 26 August 2011, whichever is earlier.

SO ORDERED, this 12th day of August 2011.

_____
James E. Gates
United States Magistrate Judge