IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:10-CV-15-H

ROSALIA SERRANO DIAZ, PERLA )
Z. VALENZUELA, JAIME BERNAL )
DELGADO, on behalf of )
themselves and all others )
similarly situated, )
)
    Plaintiffs, )
) **ORDER**
)
    v. )
)
)
QUALITY CRAB CO, INC. and )
WILLIAM E. BARCLIFT, )
)
    Defendants. )

This matter is before the court on the plaintiffs' motion for an order conditionally certifying their claim under the Fair Labor Standards Act of 1938 ("FLSA") as a collective action pursuant to 29 U.S.C. § 216(b), approving a notice of the collective action and opt-in form and authorizing their distribution to the potential opt-in plaintiffs. Defendants have filed a notice of consent to the motion. United States Magistrate Judge James E. Gates filed a memorandum and recommendation on August 12, 2011, recommending the court conditionally certify the proposed class and subclass. No objections have been filed, and the time for doing so has

expired. As requested by Judge Gates, the parties have filed a joint notice regarding class and subclass definitions, class notice and consent to sue. This matter is ripe for adjudication.

**STATEMENT OF THE FACTS**

According to the complaint, the named plaintiffs were employed by defendants at defendants' seafood processing plant pursuant to applications defendants submitted to the U.S. Department of Labor requesting H-2B guest workers from Mexico. Plaintiffs were all allegedly recruited in Mexico and required to obtain H-2B visas prior to their employment. Plaintiffs allege they were not paid the minimum wage for all hours worked because defendants effectively reduced their wages by requiring them to pay visa, transportation and border crossing costs they incurred. They also allege they did not receive the minimum wage because of unlawful deductions from their pay and charges for rent that exceeded reasonable costs. Although plaintiffs' complaint also contains claims based on state law, plaintiffs currently seek certification solely in relation to the FLSA claims. Each named plaintiff has submitted a declaration in support of the motion.

The court finds the named plaintiffs have made the requisite initial showing that members of the proposed class are

2

so similarly situated as to warrant conditional certification of a collective action pursuant to 29 U.S.C. § 216(b).

## COURT'S DISCUSSION

I.  **Motion for Certification as FLSA Collective Action**

   A.  **FLSA Certification Procedure**

The FLSA permits employees to maintain an action for unpaid minimum wages against an employer on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in a FLSA collective action must "give[] his consent in writing to become such a party." Id. There are two requirements for certification of a FLSA collective action. First, the members of the proposed class must be "similarly situated." Id.; De Luna-Guerrero v. N.C. Growers Ass'n, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004). Second, the class members must "opt in" by filing their consent to suit. Id.[1]

Class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect

---
[1] This procedure is different from the procedure utilized for class actions under Rule 23 where potential plaintiffs are bound by the judgment unless they opt out.

to their job requirements and pay provisions." Ellen C. Kearns, The Fair Labor Standards Act § 18.IV.D.3, at 1167 (1999). However, "their situations need not be identical. Differences as to time actually worked, wages actually due, and hours involved are . . . not significant to this determination." Id.

Certification of a FLSA collective action is typically a two-stage process. First, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court. The standard for conditional certification is fairly lenient and requires "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). If the class is conditionally certified, the court typically authorizes plaintiffs' counsel to provide putative class members with notice of the lawsuit and their right to opt in.

The second stage of class certification comes later, usually after discovery is complete, and is based upon a more developed factual record. Jimenez-Orozco v. Baker Roofing Co., No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007). At this stage, the court conducts a detailed review of

4

the claims and defenses in determining whether the suit should proceed as a collective action.

**B. The Proposed Class**

Plaintiffs define the class for which they seek conditional certification as follows:

> All other similarly situated employees of Defendants who worked in any pay period falling within the three chronological years immediately preceding April 30, 2010 and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

Plaintiffs also seek to certify a subclass as follows:

> All similarly situated employees of defendants who had deductions made from their pay by defendants, and/or who were charged for rent.[2]

**C. Approval of the Class**

Having reviewed the complaint as well as plaintiffs' motion to certify and the M&R prepared by Judge Gates, the court finds

---

[2] The court notes this subclass definition was submitted in the joint notice by the parties on August 23, 2011 [DE #28] in response to Judge Gates' request for the parties to reconsider the subclass definition in order to remove any reference to the defendants' alleged wrongdoing. The parties jointly agreed to this revision. The parties also note that they understand and agree that entry into the class should be limited to the final date for the opt-in period set by the court.

that plaintiffs' collective action should be certified and the class should be defined as follows:

> Any and all individuals employed by defendants Quality Crab Company and/or William E. Barclift in Elizabeth City, North Carolina, under the United States Department of Labor's H-2B temporary guestworker regulations at any period of time from April 30, 2007 to the present.

The court finds that the requirements for conditional certification have been met with respect to the class as more specifically defined by the court. Plaintiffs' complaint and supporting declarations establish that the proposed class members and subclass all worked at defendants' seafood processing plant, advance similar claims and seek substantially the same form of relief. In essence, the plaintiffs claim they are "together the victims of a single decision, policy or plan" that violates the FLSA. See Thiessen, 267 F.3d at 1102.

**D. The Proposed Subclass**

As to the proposed subclass, the court finds that the plaintiffs have not shown a specific need for the subclass as defined by the plaintiffs. Furthermore, the court finds that if it were to approve a subclass or subclasses, said subclass(es) would need to be more specifically defined. Therefore, the motion to certify a subclass is DENIED WITHOUT PREJUDICE. If plaintiffs wish to seek certification of a subclass, they may

refile their motion, specifically articulating the purpose of such subclass(es) and defining the subclass(es) with more specificity.

**E.  Notice to and Disclosure of Potential Class Members**

Plaintiffs also seek an order approving their proposed class notice and requiring defendants to disclose the names and addresses of potential class members so that counsel may inform all potential class members of the pending suit and their rights to join the suit.  The court finds notice to be appropriate in this case, and approves for distribution the notice and consent-to-sue form attached as an exhibit to this order.[3]  For purposes of the record, plaintiffs shall file with the court the Spanish translations of both the Notice and consent-to-sue forms including the changes made by the court.

To effectuate notice, the court orders defendants to produce, within 21 days of the date of this order, the full names, last date(s) of employment of all putative class members employed by either of the named defendants and last known work and home addresses of workers employed under H-2B clearance orders from April 30, 2007 to the present. Plaintiffs shall then have six months following disclosure by the defendants to

---
[3] The court has made minor revisions to the plaintiffs' proposed notice and consent-to-sue form attaches the revised notice and consent-to-sue form as exhibits to this order.

7

distribute the court-approved notice and consent to sue form to potential opt-in plaintiffs. Defendants are also ordered to post the court-approved notice, in both English and Spanish, at the class members' place of employment and in the housing provided by defendants to their H-2B employees.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Plaintiffs' motion for conditional certification of a collective action [DE #18] is GRANTED on the terms set forth herein, and the FLSA claims are certified as a collective action under 29 U.S.C. § 216(b).

(2) The class is defined as follows:

> Any and all individuals employed by defendants Quality Crab Company and/or William E. Barclift in Elizabeth City, North Carolina, under the United States Department of Labor's H-2B temporary guestworker regulations at any period of time from April 30, 2007 to the present.

(3) The court DENIES WITHOUT PREJUDICE plaintiffs' motion to certify a subclass. Plaintiffs may refile their notice on the conditions heretofore stated.

(4) The court ORDERS defendants to produce, within 21 days of the date of this order, the full names, last date(s) of employment of all putative class members employed by either of the named defendants and last known work and home

8

addresses of workers employed under H-2B clearance orders from April 30, 2007 to the present.

(5) The court APPROVES the class notice and consent-to-sue form as attached hereto. Following the disclosures provided for in this order, plaintiffs' counsel shall have six months to distribute the court-approved notice and consent-to-sue form to potential opt-in plaintiffs. Defendants are also ordered to post the court-approved notice, in both English and Spanish, at the class members' place of employment and in the housing provided by defendants to their H-2B employees.

This 27th day of September 2011.

_____     _____
    Malcolm J. Howard
    Senior United States District Judge

At Greenville, NC
#26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO: 2:10-CV-15-H

| | |
|---|---|
| Rosalia Serrano Diaz, Perla Z. Valenzuela, Jaime Bernal Delgado, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs. | ) ) |
| v. | ) ) ) |
| Quality Crab Co., Inc. and William E. Barclift, | ) ) ) |
| Defendants. | ) |

## **NOTICE**

TO: Current or former employees of Quality Crab Co., Inc.

FROM: Attorneys Carol L. Brooke and Clermont L. Fraser

RE: A law suit filed against Quality Crab Co., Inc. and William E. Barclift to recover unpaid wages

DATE: [Date]

**1. Purpose of the Notice**

The purpose of this Notice is to tell you about a lawsuit filed by former H-2B workers against Quality Crab Co., Inc. and William E. Barclift, seeking payment of wages to workers. You may be a member of the Plaintiffs' class. This notice will tell you how your rights may be affected by this suit, and explain how you can participate in this suit if you want to do so.

**2.     Description of the Lawsuit**

Three former employees of Quality Crab Co., Inc. at its Elizabeth City, North Carolina processing facility have filed a lawsuit in the United States District Court for the Eastern District of North Carolina against Quality Crab Co., Inc. and William E. Barclift.  The name and case number of the lawsuit are Serrano Diaz, *et al*. v. Quality Crab Co., Inc. *et al*., 2:10-CV-15.  The workers bringing the lawsuit are called the Plaintiffs.  Quality Crab Co., Inc. and William E. Barclift are called the Defendants.

The lawsuit asks for payment of the minimum wages that the Plaintiffs Rosalia Serrano Diaz and Perla Z. Valenzuela claim were due for the work they performed.  The lawsuit claims that Plaintiffs were each paid less than the minimum wage during their first week of work because they were required to pay upfront for some or all of their travel, visa and border crossing expenses.  The lawsuit also claims Plaintiffs were not paid the minimum wage for every hour they worked because Defendants made deductions from their pay for travel expenses, aprons, boots, and knives, and/or made charges for rent which exceeded the reasonable cost of that rent, and that those deductions and/or charges brought them below the minimum wage.

The lawyers for the Plaintiffs who brought this case are:

   Carol L. Brooke
   Clermont L. Fraser
   NC Justice Center
   224 S. Dawson St.
   P.O. Box 28068
   Raleigh, NC  27611
   (919) 861-0606

   Toll free telephone from Mexico: 001-866-237-6066
   Toll-free telephone from the U.S.: 1-866-415-1389
   Fax from the U.S.: 1-919-856-2175
   Fax from Mexico: 001-919-856-2175

The Defendants deny the allegations that the Plaintiffs have made and say that the employees have been properly compensated and are not owed any money at this time.  The Court has not yet decided whether the Plaintiffs are correct or whether anyone is owed money at this time.

**3.     Your Right to Participate in this Lawsuit**

This Notice tells you about your rights under the federal minimum wage law in the United States, which is called the Fair Labor Standards Act.  If you worked for Quality Crab Co., Inc. and/or William E. Barclift at any time between April 30, 2007 and the present on an H-2B visa, it is possible that you have a right to join this lawsuit.

You may be eligible to participate in this lawsuit if your experience was similar to that of the named Plaintiffs and you were "similarly situated" to the Plaintiffs. Your options are the following:

1) Do Nothing – If you do nothing, you may lose some of your rights to seek payment, as your claims will eventually expire. If you do nothing, you do not lose your right to bring a separate lawsuit against Quality Crab Co., Inc. and/or William E. Barclift. However, if money is awarded to the Plaintiffs in this case, you will not receive it if you do not join this case.

2) Ask to Join this Lawsuit – By joining this lawsuit, you gain the possibility of getting money or benefits that may result from a trial or settlement, but you give up your right to bring a separate lawsuit of your own against Quality Crab Co., Inc. and/or William E. Barclift for the same legal claims brought in this lawsuit.

**4.     How to Participate in this Lawsuit**

This notice includes a form titled "Consent to Sue." If you want to join this lawsuit, and be eligible to receive money you might be owed, you must read (or have read to you), sign and return the Consent to Sue form. You can return the form by mail or by fax. **The Consent to Sue forms must be mailed or faxed to the North Carolina Justice Center by** [DATE].

The Consent to Sue form should be mailed to:

   Carol L. Brooke
   NC Justice Center
   224 S. Dawson St.
   P.O. Box 28068
   Raleigh, NC  27611

It can also be faxed to:

   Fax from the U.S.: 1-919-856-2175
   Fax from Mexico: 001-919-856-2175

If you have questions or concerns about how to participate in this case, you may call the Plaintiffs' attorneys:

   Toll free telephone from Mexico: 001-866-237-6066
   Toll-free telephone from the U.S.: 1-866-415-1389

**5.     Retaliation is Illegal**

It is a violation of United States law for Quality Crab Co., Inc. and/or William E. Barclift and/or their agents or contractors to threaten, harm, fire, refuse to hire, or in any manner discriminate

3

against you for taking part in this case. If you believe that you have been threatened, punished, discriminated against, or retaliated against for discussing or choosing to join in this lawsuit, you can call the North Carolina Justice Center at:

    Toll free telephone from Mexico: 001-866-237-6066
    Toll-free telephone from the U.S.: 1-866-415-1389

**6.     Effect of Joining this Lawsuit**

If you join this lawsuit, you will be included in the decision made by the court, whether that decision is favorable or unfavorable. You may also share in any money received in the lawsuit (either through a decision by the Court or through a settlement).

By joining this lawsuit, you designate the attorneys for the plaintiffs to make decisions on your behalf concerning this case. The decisions and agreements made in this lawsuit will affect your claims.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE MALCOLM J. HOWARD, SENIOR JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA. THERE ARE NO GUARANTEES THAT MONEY WILL BE RECOVERED IN THIS CASE. THE COURT HAS NOT YET DECIDED WHETHER THE CLAIMS MADE IN THE LAWSUIT ARE VALID.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO: 2:10-cv-15

| | |
|---|---|
| Rosalia Serrano Diaz, Perla Z. Valenzuela, Jaime Bernal Delgado, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) ) |
| Quality Crab Co., Inc. and William E. Barclift, | ) ) ) |
| Defendants. | ) |

## CONSENT TO SUE

I, _____, hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. § 216(b) to assert my right to the minimum wage required by the Fair Labor Standards Act.

Signature: _____

First and Last Name (printed): _____

Address: _____

Neighborhood: _____

City: _____

State: _____  Zip Code: _____